A. L. WHITE, Appellant, v. FRANK SCHROET-
TER et al.

### Division One, December 24, 1907.

1. EJECTMENT: Record Title: Equity. Where the suit is one
   in ejectment, defendant's record title cannot be set aside as
   being the result of an attempt by defendant's grantor to de-
   fraud his creditors. The action being purely one at law, and
   no equity being pleaded, the record title cannot be thus collat-
   erally attacked.

2. ———: ———: ———: Evidence. Plaintiff sued in ejectment
   to recover forty acres of land, and produced in evidence a
   judgment against defendant's father, rendered in 1902, and an
   execution levy and sheriff's sale and deed to plaintiff. Defend-
   ant produced a duly recorded deed dated in 1894, from defend-
   ant's father to him, expressing a consideration of love and
   affection and the assumption of a mortgage debt of $1,000.
   *Held*, that defendant was entitled to recover; and that oral
   evidence by defendant that a further consideration of de-
   fendant's deed was an agreement to support his father in his
   old age, and a fulfillment of that agreement, and oral evidence
   by plaintiff that defendant at the date of his deed was a minor,
   and that the land on which the father resided as his homestead
   was worth more than $1,500, and that the father was in debt,
   was all incompetent, since no equity was pleaded.

Appeal from Barry Circuit Court.—*Hon. H. C. Pep-
per,* Judge.

AFFIRMED.

*French & Mayhew* for appellant.

(1) In suits in equity, the appellate court is not
bound to follow the findings of the lower court, but
where the evidence is all before the appellate court, it
will review such evidence and arrive at its own con-
clusions, upon the facts.    Courtney v. Blackwell, 150
Mo. 245; Parker v. Vanhoozer, 142 Mo. 621; State ex
rel. v. Jarrott, 81 S. W. 879.    (2) All the father could
convey in this transaction was his equitable interest,

all the sons could purchase was the equitable interest of the father. The equitable interest was bound to be, under the facts in this case, a voluntary conveyance, which equitable interest so received, cannot be held as against creditors. It makes no difference whether the sons knew it or not. The evidence taken with the surrounding circumstances shows that they had knowledge of the motive of the transaction; and that they knew that the motive upon the father's part was to defraud his creditors. But it is invalid regardless of the intention with which it was made.' Dunlap v. Mitchell, 80 Mo. App. 393; R. S. 1899, sec. 3398; Snyder v. Free, 114 Mo. 360; Needles v. Ford, 167 Mo. 495.

*George & Landis* for respondents.

VALLIANT, P. J.—Plaintiff sues in ejectment for the possession of forty acres in Barry county. Defendant's answer was a general denial except that he admitted possession. At the trial a jury was waived and the cause was tried by the court. The judgment was for the defendant and the plaintiff appealed.

It was admitted that Adam Schroetter, the father of defendant, was the common source of title. The plaintiff's evidence was as follows: A judgment rendered in the circuit court of Barry county in favor of one Sheets against Adam Schroetter, September 4, 1902, for $661.34; execution on that judgment, levy and sale of this land by the sheriff February 12, 1903, at which sale the plaintiff became the purchaser and received the sheriff's deed which was in due form.

The evidence for defendant was a warranty deed from Adam Schroetter and wife to defendant conveying this land dated February 13, 1894, duly acknowledged and recorded. The consideration mentioned in the deed was love and affection and one dollar, sub-

ject to a debt of $1,000 secured by deed of trust on eighty acres, of which the forty so conveyed was one-half, and the assumption by defendant of $500 as the one-half of that debt applicable to his forty acres. Then defendant introduced oral evidence to the effect that a further consideration for this deed was an agreement by himself and his brother John on the one part and his father on the other that they would take care of their father and support him during the rest of his life. And there was testimony tending to show that they were carrying out that agreement, and that defendant had executed a new mortgage on the forty acres, and with proceeds of that, had paid his share of the original $1,000 mortgage.

Contra, the plaintiff introduced evidence to show that defendant and his brother were at the date of the alleged agreement minors and could not make such a contract; also that the land was, when taken in connection with forty acres on which Adam Schroetter resided and which constituted his homestead, worth more than $1,500, and that the old man was in debt. There was some other testimony as to paying taxes, etc., but it is unnecessary to mention it.

All the oral evidence was incompetent. The title to this forty acres passed to the defendant by the deed from Adam Schroetter and wife in February, 1894, more than eight years before the Sheets judgment under which plaintiff claims was rendered, and the records so showed.

Appellant in his brief refers to "suits in equity" and, as if this were such a suit, argues that the deed from father to son should be set aside as having been made to defraud creditors. But this is not a suit in equity, it is an action at law; there is not a trace of equity in the pleadings. The defendant's deed cannot be attacked collaterally, it cannot be assailed except in a proceeding in equity. We do not mean to

imply that the evidence would have justified the setting aside of this deed even if this had been a suit in equity.

In the face of the defendant's record title the court could have rendered no other judgment than it did.

The judgment is affirmed.     All concur.